IN THE CIRCUIT COURT OF MONROE COUNTY, MISSISSIPPI

USDC No. 1:22cv016-SA-RP

JIMMY McCOOL                                                                  PLAINTIFF

versus                                   Cause No.: _____

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                DEFENDANT

## COMPLAINT

Plaintiff seeks damages under the UM provisions of an automobile insurance policy or policies issued by the Defendant, and extra-contractual damages. As his cause of action, Plaintiff would show:

### PARTIES and JURISDICTION

1. Plaintiff Jimmy McCool ("McCool or" Plaintiff) is an adult resident citizen of Monroe County, Mississippi.

2. Defendant Allstate Property and Casualty Insurance Company is a foreign corporation authorized to transact business within the State of Mississippi. The Defendant may be served with the Summons via its agent: C T Corporation System Of Mississippi, Suite 101, 645 Lakeland Drive East, Flowood, MS 39232.

3. This Court has subject matter jurisdiction over this controversy and personal jurisdiction over the parties.

### JURY TRIAL DEMANDED

## COUNT ONE: UNDERINSURED INSURANCE BENEFITS

4. On November 17, 2018, Plaintiff was involved in a two-vehicle motor vehicle incident.

5. The motor vehicle incident referenced herein was caused solely by the negligence of an uninsured/underinsured motorist.

6. At the time of the referenced accident, Plaintiff was covered for UM benefits under one or more polices of insurance issued by Defendant. Such insurance contract(s) include Allstate Policy No. **995 503 185**.

7. Under the UM coverages provided by Defendant, the Plaintiff has a total of two insured vehicles creating stacked UM benefits available in the amount of $50,000.

8. As a result of the automobile accident referenced herein, Plaintiff sustained injuries, including a laceration to his left eye, back pain, cervical pain, and right shoulder pain.

9. Plaintiff has received various medical treatment, including physical therapy and shoulder surgery.

10. Plaintiff missed time from his work as a result of the referenced incident, resulting injuries, and medical treatment; and accordingly, sustained a loss of wages from his employment.

11. The amount of the medical expenses for the treatment provided to Plaintiff is approximately $26,500.

12. The amount of loss of wages sustained by the Plaintiff is approximately $7,300.

13. The underinsured tortfeasor had $25,000 in auto liability policy limits, and this policy limit amount was tendered and accepted by Plaintiff, with the prior approval of Defendant Allstate that such acceptance was without prejudice to a claim for UM benefits with Plaintiff's policy with Allstate.

14. The damages sustained by Plaintiff include, but are not limited to:
    a. Past, present, and future medical expenses;
    b. Past, present, and future physical disability/impairment;
    c. Past, present, and future pain and suffering;
    d. Past, present, and future mental anguish;
    e. Loss of wages;
    f. Loss of enjoyment of life; and,
    g. Other damages to be developed during discovery.

15. Plaintiff seeks a judgment, as outlined in the prayer for relief, against Defendant for contractual UM benefits due under the policy/policies of insurance as referenced herein, in the available amount of $25,000.

## COUNT TWO: EXTRA-CONTRACTUAL DAMAGES

16. Plaintiff adopts the allegations noted above.

17. Even though Plaintiff's medical expenses and loss of wages alone, in the amount of approximately $33,800, exceeded the tortfeasor's $25,000 auto policy liability limits, Defendant takes the position that Plaintiff has been fully compensated for this loss, and has denied payment of UM benefits. See Allstate letter of February 22, 2021, attached as Exhibit A.

18. The Defendant's denial of the claim for automobile UM benefits mentioned herein constitutes a tortious breach of contract without arguable or legitimate reason, and/or a malicious breach of contract, and/or an intentional tort, and/or gross negligence equivalent to an independent or intentional tort, entitling Plaintiff to recover punitive damages for breach of contract.

19. The actions of Defendant were committed with malice, gross negligence, or with willful, wanton, and reckless disregard for the rights of its insured Plaintiff. Such actions of Defendant were without justification and without an arguable reason and were committed in bad faith. Consequently, Defendant is liable for punitive damages.

20. Accordingly, Plaintiff seeks judgment for extra-contractual damages as noted in the prayer for relief.

## PRAYER FOR RELIEF

21. WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. A monetary judgment representing an award of contractual UM benefits to Plaintiff in a sum in excess of the minimal jurisdictional limits of this Court, in an amount to be determined by the Jury;

B. A monetary judgment representing an award for extra-contractual damages, in an amount to be determined by the Jury;

C. An award of attorney's fees to be determined on post-judgment motion;

D. Interest on the judgment as allowed by law;

E. Taxation of all costs of this proceeding against the Defendant; and

F. Any further general relief warranted and appropriate under the circumstances.

22. **FURTHER, PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

PLAINTIFF JIMMY McCOOL

BY: *Robert Boyd*
ROBERT C. BOYD
Miss. Bar No. 4218

**ATTORNEYS FOR PLAINTIFF:**

**ROBERT BOYD and ASSOCIATES PLLC**
**103 WOODCHASE PARK DRIVE (39056)**
**POST OFFICE BOX 1297**
**CLINTON, MS 39060**

| | |
|---|---|
| Telephone: | 601-925-5511 |
| Facsimile: | 601-925-5533 |

email: Robert@BoydAttorneys.com
Alea@BoydAttorneys.com

2657.McCool.Pleading.P001

Page 5 of 5

**FILED**

**NOV 0 4 2021**

DANA L. SLOAN
CIRCUIT CLERK
MONROE CO., MS
BY: